Filed 8/4/26  P. v. Burton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

SHAWN MORGAN BURTON,

    Defendant and Appellant.

E085867

(Super.Ct.No. SWF005007)

OPINION

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Reversed and remanded with directions.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Arlene A. Sevidal, Assistant Attorneys General, Daniel Rogers and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Shawn Morgan Burton ineligible for resentencing. On appeal, defendant contends the court erred in declining to give him a resentencing hearing. We reverse and remand.

## I. PROCEDURAL BACKGROUND

On January 6, 2004, defendant pled guilty to forcible rape (§ 261, subd. (a)(2), count 2), penetration by a foreign object (§ 289, subd. (a)(1), count 5), and elder abuse (§ 368, subd. (b)(1), count 6). Defendant also admitted that he had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), a prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), and a prior prison term (§ 667.5, subd. (b)). Pursuant to the plea agreement, the court sentenced defendant to 28 years in prison, including one year on the prior prison term.

On December 13, 2022, the court recalled defendant's sentence pursuant to section 1172.75.[2] The court struck defendant's prior prison term, reducing defendant's sentence by one year. The court continued the matter for potential resentencing.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] It was unclear from the record as originally filed how the section 1172.75 proceedings had been initiated. "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].) On our own motion, we took judicial notice of a CDCR list, which

*[footnote continued on next page]*

After several more continuances, the court noted at a hearing on March 13, 2025, that defendant was no longer in prison; he had been released on parole. Defense counsel confirmed the court's assertion. The People argued that since defendant was no longer serving a term of imprisonment, he was no longer entitled to resentencing pursuant to section 1172.75. The court found defendant was "not entitled to further resentencing because he's not currently serving a judgment in the state prison."

## II.  DISCUSSION

Defendant contends that the order finding him ineligible for a resentencing hearing must be reversed and the matter remanded for a full resentencing hearing. The People concede. We agree.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision ](b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.)  In 2021, Senate Bill No. 483 (2021-2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares:  'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for

identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

3

any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer

4

sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

"Section 1172.75 requires that the defendant be incarcerated at the beginning of the process, when correctional officials 'identify those persons in their custody currently serving a term for a judgment that includes' a one-year prior prison term enhancement imposed under section 667.5, former subdivision (b) . . . . [Citation.] It does not require the defendant thereafter remain incarcerated until the time of resentencing to maintain his or her eligibility for relief. Nor is resentencing such a subsequently released defendant an empty exercise, as it can afford practical relief that includes shortening the applicable

5

parole term."  (*People v. Washington* (2026) 117 Cal.App.5th 1057, 1061 (*Washington*).) Thus, a person who has been released on parole prior to the resentencing hearing "remains eligible and should still be resentenced."  (*Ibid.*)

"Under the section 1172.75 resentencing scheme, there is necessarily a lag between the time the CDCR provides the court with information about a defendant potentially eligible for resentencing, and the time when the court can determine whether in fact the defendant is entitled to resentencing and in fact resentence him or her. Recognizing this aspect of the process, the Legislature included in section 1172.75 deadlines for the CDCR and resentencing courts to act."  (*Washington*, *supra*, 117 Cal.App.5th at p. 1066.)

Here, defendant's judgment included a prior prison term enhancement that was imposed and executed before January 1, 2020.  The prior prison term enhancement was not for a sexually violent offense.  Defendant was apparently still incarcerated on December 13, 2022, when the court initially recalled defendant's sentence; however, he had been released on parole in the ensuing two years while his resentencing hearing was pending.  The court below did not have the benefit of *Washington* when it issued its ruling.  Thus, the matter must be reversed and remanded for a full resentencing hearing.

## III. DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing. We express no opinion on whether defendant would be entitled to any further relief at the resentencing hearing on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

J.

LEE

J.

7